UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
CASE#

2023 JAN 26 PM 3: 15

DEPUTY CLERK

**Erik Henderson**

Counter-Plaintiff

v.

**LARKIN STREET HOMES, LLC dba/
DIVVY HOMES, INC.**

**HOOVER SLOVACEK, LLP**

**RICHARD ALEXANDER BARCLAY**

Counter-Defendants

_____/

4-23CV-084-O

## COUNTER CLAIM COMPLAINT

COMES NOW, Erik Henderson Plaintiff who is the consumer natural person am countersuing Defendants pursuant to Rule 13 of the Federal Rules of Civil Procedure for Deprivation of Rights under color of law 42 U.S.C 1983. Defendants have trespassed against my consumer protection rights under the Truth In Lending Act ("TILA" Hereinafter) and trespassed against the Fair Debt Collection Practices Act et seq, ("FDCPA" Hereinafter), Defendants have caused irreparable injury, emotional distress, and consumer harm, Plaintiff is demanding to be redressed in equity for permanent injunction, declaratory relief, and monetary relief for $2,500,000 from each Defendant.

### JURISDICTION

1. Plaintiff is a consumer natural person as defined pursuant to 15 U.S.C. 1602(i) who has entered into a consumer credit transaction on August 15, 2021 with Defendant LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC. and obtained property 4461

SHADY HOLLOW DR, FORT WORTH, TX 76123 on credit for personal, family and household purposes.

2. Defendant LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC. is a creditor is defined pursuant to 15 U.S.C. 1602(g). Their principle address is 300 MONTGOMERY STREET SUITE 350 SAN FRANCISCO, CA 94104.

3. Defendant HOOVER SLOVACEK, LLP was allegedly hired by LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC. and is a corporate lawyer in Tarrant County case JP-5-22-E00033823.

4. Defendant HOOVER SLOVACEK, LLP principle address is 5051 WESTHEIMER, SUITE 1200 HOUSTN, TX 77056.

5. Plaintiff does not have any contractual relation with Defendant HOOVER SLOVACEK, LLP.

6. Defendant RICHARD ALEXANDER BARCLAY is the corporate lawyer HOOVER SLOVACEK, LLP agent/attorney and was the "expert to testify" in Tarrant County case JP-5-22-E00033823.

7. Defendant RICHARD ALEXANDER BARCLAY principle address 5051 WESTHEIMER, SUITE 1200 HOUSTN, TX 77056.

8. Plaintiff does not have any contractual relation with Defendant RICHARD ALEXANDER BARCLAY.

9. This Jurisdiction is proper pursuant to 28 U.S.C 124.

10. This Jurisdiction is proper pursuant to 28 U.S.C.

11. Defendants are Citizens of the United States.

12. Natural Person Defendant RICHARD ALEXANDER BARCLAY is being sued in his private and professional capacity to implicate the municipal corporations that train, accredit, certify, or otherwise support the custom of the behavior.

13. Plaintiff is demanding for redress exceeding $75,000.

## FACTUAL ALLEGATIONS

14. Plaintiff entered into a private consumer credit transaction on August 15, 2021 with LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC.

15. Plaintiff has obtained property 4461 SHADY HOLLOW DR, FORT WORTH, TX 76123 for personal, family, and household purposes.
16. Plaintiff was not given the right of rescission upon commencing my private consumer credit transaction.
17. Plaintiff was not informed of the use of credit upon commencing my private consumer credit transaction.
18. Plaintiff was not given any disclosures for the consumer credit transaction.
19. Defendant LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC. has turned my private consumer credit transaction into a commercial loan.
20. Defendants RICHARD ALEXANDER BARCLAY and HOOVER SLOVACEK, LLP was not present during my private consumer credit transaction.
21. Defendants RICHARD ALEXANDER BARCLAY and HOOVER SLOVACEK, LLP does not have prima facie evidence of my private consumer credit transaction.
22. Defendant LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC. did not give Plaintiff any consideration in consumer credit transaction dated on August 15, 2021.
23. Defendant RICHARD ALEXANDER BARCLAY commenced a lawsuit for an eviction on behalf of corporate lawyer HOOVER SLOVACEK, LLP for Defendant LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC.
24. This lawsuit alleged that On August 17, 2021 Plaintiff entered into a lease contract.
25. Plaintiff did not enter into a lease on August 17, 2021.
26. All Defendants have admitted that Plaintiff entered into possession of the "premises" (property).
27. At all times Plaintiff is in lawful possession of property 4461 SHADY HOLLOW DR, FORT WORTH, TX 76123.
28. Plaintiff is entitled to keep property 4461 SHADY HOLLOW DR, FORT WORTH, TX 76123 that was obtained for personal, family, and household purposes through the extension of my credit.
29. All Defendants have been misrepresented that Plaintiff "failed to pay rent timely and in full for the months of April 2022, May 2022, June 2022, July 2022, August 2022, and September 2022."
30. The court record does not reflect verification of the alleged debt for the months mention.

31. All Defendants stated that Plaintiff has committed a disgrace by violating the lease.
32. The fully executed "Residential Lease Agreement" attached is a material misrepresentation that Plaintiff entered into a consumer "lease" when Plaintiff entered into a consumer credit transaction.
33. A consumer lease pursuant to 15 U.S.C. 1667 means:
    "... the use of personal property by a natural person for a period of time exceeding four months, and for contractual obligation not exceeding $50,000, primarily for personal, family, or household purposes, whether or not the lessee has the option to purchase or otherwise become the owner of the property at the expiration of the lease..."
34. This "Residential Lease Agreement" exceeds $50,000 for it to be considered a consumer lease.
35. The consumer "lease" (Residential Lease Agreement) Dates are from August 2021- September 2024.
36. The consumer "lease" (Residential Lease Agreement) "monthly payments" states
    a.) $3,415 for the dates between August 2021- August 2022
    b.) $3,485 for the dates between September 2022 – August 2023
    c.) $3,560 for the dates between September 2023 – September 2024
37. All Defendants stated that Plaintiff has committed a disgrace by stating (not alleging) that Plaintiff failed to pay an unverified alleged debt.
38. All Defendants have been deceptive by stating that Plaintiff was "rendered" a notice of vacate on July 7, 2022.
39. Plaintiff was not in possession of this notice until the beginning of January of 2023 before hearing on January 18, 2023.
40. Defendants sought damages for an unverified alleged debt for $18,000.
41. At all times during this case Plaintiff did not have any contractual relationship with Defendants RICHARD ALEXANDER BARCLAY and HOOVER SLOVACEK, LLP
42. At all times during this case all Defendants were not authorized to commence a lawsuit for an unverified alleged debt.
43. At all times during this case all Defendants has caused Plaintiff consumer harm by presenting to the court material misrepresentation.

44. At all times during this case all Defendants has caused Plaintiff irreparable injury by attempting to seize Plaintiff property.
45. At all times during this case all Defendants has misrepresented that that Plaintiff gave prior written consent to communicate with him.
46. At all times during and prior to this case Defendants did not give Plaintiff the right to dispute the alleged debt.
47. On January 18, 2023 Defendants have misrepresented to the court false and misleading statements and obtained a Judgement against Plaintiff.
48. Pursuant to 15 U.S.C 1692(5) the term debt means:

"any obligation **or alleged obligation** of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, **whether or not such obligation has been reduced to judgment.**"

49. WHEREFORE, Plaintiff demands to be redressed in equity for permanent injunction, declaratory relief, and monetary relief for $2,500,000 from each Defendant.

## CLAIMS FOR RELIEF AS TO TILA:

50. Plaintiff realleges and restates the foregoing factual allegations.
51. Plaintiff entered into a private consumer credit transaction on August 15, 2021 with LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC.
52. Plaintiff has obtained property 4461 SHADY HOLLOW DR, FORT WORTH, TX 76123 for personal, family, and household purposes.
53. Plaintiff was not given the right of rescission upon commencing my private consumer credit transaction.
54. Plaintiff was not informed of the use of credit upon commencing my private consumer credit transaction.
55. Plaintiff was not given any disclosures for the consumer credit transaction.
56. Defendant LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC. has turned my private consumer credit transaction into a commercial loan.
57. Defendants RICHARD ALEXANDER BARCLAY and HOOVER SLOVACEK, LLP was not present during my private consumer credit transaction.

5

58. Defendants RICHARD ALEXANDER BARCLAY and HOOVER SLOVACEK, LLP does not have prima facie evidence of my private consumer credit transaction.
59. Defendant LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC. did not give Plaintiff any consideration in consumer credit transaction dated on August 15, 2021.
60. Defendant RICHARD ALEXANDER BARCLAY commenced a lawsuit for an eviction on behalf of corporate lawyer HOOVER SLOVACEK, LLP for Defendant LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC.
61. This lawsuit alleged that On August 17, 2021 Plaintiff entered into a lease contract.
62. Plaintiff did not enter into a lease on August 17, 2021.
63. All Defendants have admitted that Plaintiff entered into possession of the "premises" (property).
64. Plaintiff is entitled to keep property 4461 SHADY HOLLOW DR, FORT WORTH, TX 76123 that was obtained for personal, family, and household purposes through the extension of my credit.
65. The fully executed "Residential Lease Agreement" attached is a material misrepresentation that Plaintiff entered into a consumer "lease" when Plaintiff entered into a consumer credit transaction.
66. A consumer lease pursuant to 15 U.S.C. 1667 means:

    "… the use of personal property by a natural person for a period of time exceeding four months, and for contractual obligation not exceeding $50,000, primarily for personal, family, or household purposes, whether or not the lessee has the option to purchase or otherwise become the owner of the property at the expiration of the lease…"

67. This "Residential Lease Agreement" exceeds $50,000 for it to be considered a consumer lease.
68. The consumer "lease" (Residential Lease Agreement) Dates are from August 2021- September 2024.
69. The consumer "lease" (Residential Lease Agreement) "monthly payments" states
    d.) $3,415 for the dates between August 2021- August 2022
    e.) $3,485 for the dates between September 2022 – August 2023
    f.) $3,560 for the dates between September 2023 – September 2024

70. Defendant LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC. has violated 15 U.S.C 1601 by avoiding giving Plaintiff the informed use of credit.
71. Defendant LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC. has violated 15 U.S.C 1655 by failing to give Plaintiff a determination of the finance charge with this consumer credit transaction.
72. Defendant LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC. has violated 15 U.S.C 1635 by failing to give Plaintiff a required disclosure of recission forms clearly and conspicuous the right to rescind the consumer credit transaction.
73. Defendant LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC. has violated 15 U.S.C 1638 by failing to give Plaintiff required disclosure of the amount financed as Plaintiff entered into a consumer credit transaction and not a consumer lease.
74. Defendant LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC. has violated 15 U.S.C 1637a by failing to give Plaintiff disclosure requirement secured my Plaintiff principal dwelling as Plaintiff entered into a consumer credit transaction and not a consumer lease.
75. Defendant LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC. willfully and knowing acted in bad faith by providing Plaintiff with false and misleading statements of the consumer credit transaction.
76. Defendant LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC. is civilly liable pursuant to 15 U.S.C 1640(a)(1), 15 U.S.C 1640(a)(2)(a), 15 U.S.C 1640(a)(3), and 15 U.S.C 15 U.S.C 1640(g).
77. WHEREFORE, Plaintiff demands to be redressed in equity for permanent injunction, declaratory relief, and monetary relief for $2,500,000 from each Defendant.

### CLAIMS FOR RELIEF AS TO FDCPA:

78. Plaintiff realleges and restates the foregoing factual allegations.
79. Plaintiff entered into a private consumer credit transaction on August 15, 2021 with LARKIN STREET HOMES, LLC dba/ DIVVY HOMES. INC.
80. Plaintiff has obtained property 4461 SHADY HOLLOW DR, FORT WORTH, TX 76123 for personal, family, and household purposes.

81. Defendant LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC. has turned my private consumer credit transaction into a commercial loan.
82. Defendants RICHARD ALEXANDER BARCLAY and HOOVER SLOVACEK, LLP was not present during my private consumer credit transaction.
83. Defendants RICHARD ALEXANDER BARCLAY and HOOVER SLOVACEK, LLP does not have prima facie evidence of my private consumer credit transaction.
84. Defendant LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC. did not give Plaintiff any consideration in consumer credit transaction dated on August 15, 2021.
85. Defendant RICHARD ALEXANDER BARCLAY commenced a lawsuit for an eviction on behalf of corporate lawyer HOOVER SLOVACEK, LLP for Defendant LARKIN STREET HOMES, LLC dba/ DIVVY HOMES, INC.
86. This lawsuit alleged that On August 17, 2021 Plaintiff entered into a lease contract.
87. Plaintiff did not enter into a lease on August 17, 2021.
88. All Defendants have admitted that Plaintiff entered into possession of the "premises" (property).
89. At all times Plaintiff is in lawful possession of property 4461 SHADY HOLLOW DR, FORT WORTH, TX 76123.
90. Plaintiff is entitled to keep property 4461 SHADY HOLLOW DR, FORT WORTH, TX 76123 that was obtained for personal, family, and household purposes through the extension of my credit.
91. All Defendants have been misrepresented that Plaintiff "failed to pay rent timely and in full for the months of April 2022, May 2022, June 2022, July 2022, August 2022, and September 2022."
92. The court record does not reflect verification of the alleged debt for the months mention.
93. All Defendants stated that Plaintiff has committed a disgrace by stating (not alleging) that Plaintiff failed to pay an unverified alleged debt.
94. All Defendants have been deceptive by stating that Plaintiff was "rendered" a notice of vacate on July 7, 2022.
95. Plaintiff was not in possession of this notice until the beginning of January of 2023 before hearing on January 18, 2023.
96. Defendants sought damages for an unverified alleged debt for $18,000.

97. At all times during this case Plaintiff did not have any contractual relationship with Defendants RICHARD ALEXANDER BARCLAY and HOOVER SLOVACEK, LLP
98. At all times during this case all Defendants were not authorized to commence a lawsuit for an unverified alleged debt.
99. At all times during this case all Defendants has caused Plaintiff consumer harm by presenting to the court material misrepresentation.
100. At all times during this case all Defendants has caused Plaintiff irreparable injury by attempting to seize Plaintiff property.
101. At all times during this case all Defendants has misrepresented that that Plaintiff gave prior written consent to communicate with him.
102. At all times during and prior to this case Defendants did not give Plaintiff the right to dispute the alleged debt.
103. Defendants RICHARD ALEXANDER BARCLAY and HOOVER SLOVACEK, LLP have violated 15 U.S.C 1692c(a) by communicating with Plaintiff through without his prior consent through Tarrant County case JP-5-22-E00033823.
104. All Defendants have violated 15 U.S.C 1692d by harassing, abusing, and causing oppress to Plaintiff and using criminal means pursuant to 15 U.S.C. 1611 (willfully and knowingly providing false and inaccurate information) to harm Plaintiff physical person, and reputation.
105. All Defendants have violated 15 U.S.C 1692e(2)(a) by misrepresenting Plaintiff failed to pay an unverified alleged debt for the months of April 2022, May 2022, June 2022, July 2022, August 2022, and September 2022.
106. Defendants RICHARD ALEXANDER BARCLAY have violated 15 U.S.C 1692e(3) by implication that he is an attorney and witness (expert to testify) to the consumer credit transaction that he was not a part of.
107. All Defendants have violated 15 U.S.C 1692e(4) by implying that nonpayment of the unverified alleged debt will result in seizure of my property obtained for personal, family, and household purposes.
108. All Defendants have violated 15 U.S.C 1692e(5) by commencing a lawsuit for an unverified alleged debt without any authorization from Plaintiff.

109. All Defendants have violated 15 U.S.C 1692e(7) by implying that Plaintiff have committed a disgrace for nonpayment of the unverified alleged debt of $18,000.

110. All Defendants have violated 15 U.S.C 1692e(10) by using deceptive means in attempt to collect unverified alleged debt of $18,000.

111. All Defendants have violated 15 U.S.C 1692e(11) by failing to provide Plaintiff of his rights to dispute the alleged debt that unless disputed the debt will assumed valid.

112. All Defendants have violated 15 U.S.C 1692g(a) by failing to provide Plaintiff with a notice of debt, the court record does not reflect any notice of debt giving to Plaintiff.

113. All Defendants have violated 15 U.S.C 1692g(b) by failing to provide Plaintiff with verification from the original creditor of the consumer credit transaction.

114. All Defendants have violated 15 U.S.C 1692g(c) by misleading the court that Plaintiff failed to dispute the alleged debt and used it as admission as a liability of Plaintiff.

115. All Defendants have violated 15 U.S.C 1692g(d) by using suing Plaintiff as the initial communication to attempt to collect the alleged debt.

116. All Defendants have violated 15 U.S.C 1692i Plaintiff did not authorize commencing an action regarding the unverified alleged debt.

117. Defendant LARKIN STREET HOMES, LLC dba/ DIVVY HOMES. INC. is civilly liable pursuant to 15 U.S.C 1692k(a).

118. WHEREFORE, Plaintiff demands to be redressed in equity for permanent injunction, declaratory relief, and monetary relief for $2,500,000 from each Defendant.

## JURY DEMAND

119. Plaintiff Demands a jury trial on any and all claims triable.

## CONSUMER HARM

120. Defendants failure to comply with Plaintiff federal and constitutional rights have caused substantial injury.

121. Plaintiff have suffered and will continue to suffer irreparable injury caused by Defendants abusive, deceptive, false, and misleading actions.

122. Defendants could have prevented Plaintiff irreparable injury if they would have complied with all laws listed herein.

123. WHEREFORE, Defendants has deprived Plaintiff of his rights and demands:

   1.) Permanent Injunctive Relief for Defendants to cease and desist the collection of the unverified alleged debt.

   2.) Permanent Injunctive Relief for Defendants to cease and desist harassment, unfair practices, and abuse.

   3.) Permanent Injunctive Relief for Defendants to cease and desist seizure of property obtained for personal, family, and household purposes.

   4.) Declaratory relief for any and all rights listed herein.

   5.) Monetary relief for $2,500,000 from each defendant.

Pursuant to 28 USC 1746 I declare under penalty of perjury under the laws of the United States Of America that the foregoing is true and correct. Executed on January 26, 2023

*E. Henderson*

**CERTIFICATE OF SERVICE**

I certify that I sent this counterclaim and answer to complaint is sent certified mail to the following:

LARKIN STREET HOMES, LLC dba/
DIVVY HOMES, INC.

300 MONTGOMERY STREET SUITE 350
SAN FRANCISCO, CA 94104

HOOVER SLOVACEK, LLP

5051 WESTHEIMER, SUITE 1200
HOUSTN, TX 77056

RICHARD ALEXANDER BARCLAY

5051 WESTHEIMER, SUITE 1200
HOUSTN, TX 77055

Respectfully Submitted,

*E. Henderson*

Erik Henderson
4461 SHADY HOLLOW DRIVE
FORTH WORTH, TEXAS 76123
Ttrt.chief@gmail.com
January 26, 2023

12

# CIVIL COVER SHEET

JS 44 (Rev. 04/21)

4-23CV-084-O

Case 4:23-cv-00084-O-BP Document 1 Filed 01/26/23 Page 13 of 13 PageID 84

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Erik Henderson

**DEFENDANTS**
Larkin Street Homes, LLC dba/ Divvy Homes, Inc
Hoover Slovacek, LLC
Richard A. Barclay

(b) County of Residence of First Listed Plaintiff: **TARRANT**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**OTHER STATUTES**
- [x] 480 Consumer Credit (15 USC 1681 or 1692)

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1601  15 USC 1692

Brief description of cause:
Violation of TILA 42 USC 1983 Declaration of Rights

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 2,500,000
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Don Pierson
DOCKET NUMBER: JR-5-22-E0003823

DATE: 1-26-23
SIGNATURE OF ATTORNEY OF RECORD: E. Henderson

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE