IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIK HENDERSON, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | No. 4:23-cv-0084-O-BP |
| | § | |
| LARKIN STREET HOMES, LLC, | § | |
| *ET AL.*, | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Erik Henderson's Motion for Injunction/Temporary Restraining Order (ECF No. 5), filed February 17, 2023. The case was referred this case to the undersigned on January 26, 2023. ECF No. 2. After reviewing the pleadings and applicable legal authorities, the undersigned RECOMMENDS that United States District Judge Reed O'Connor DENY Plaintiff Henderson's Motion for Temporary Restraining Order/Injunction. ECF No. 5.

## I.      BACKGROUND

Plaintiff filed this lawsuit alleging that Defendants have deprived him of his rights pursuant to 42 U.S.C. § 1983, and alleging several violations under the Truth in Lending Act and Fair Debt Collection Practices Act. ECF No. 1. He filed this Motion requesting an Injunction or Temporary Restraining Order to stop the result of a final judgment entered against him in the Justice of the Peace Court of Tarrant County, Texas, allowing for his eviction effective today (February 17, 2023) at 5:00 p.m.

## II.     LEGAL STANDARDS

### A.  Temporary Restraining Order / Preliminary Injunction

"A preliminary injunction is an extraordinary remedy." *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). In the Fifth Circuit, the four prerequisites for obtaining preliminary injunctive relief are as follows:

> (1) [A] substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest.

*Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). The party seeking injunctive relief must clearly carry the burden of persuasion on all four *Callaway* prerequisites to prevail. *Mississippi Power & Light*, 760 F.2d at 621. Given the extraordinary nature of a preliminary injunction, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Id.* (citing *State of Texas v. Seatrain International, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975); *Callaway*, 489 F.2d at 576).

## III.   ANALYSIS

### A.      Plaintiff's Motion for a Temporary Restraining Order Should be Denied.

The Federal Rules of Civil Procedure only allow for issuance of a temporary restraining order without notice if:

> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65 (b)(1). Henderson stated in his Motion's Certificate of Service that he has served opposing counsel a copy of the Motion via certified mail. ECF No. 5 at 2. This service is not sufficient to meet the requirements for a restraining order. He also has failed to file an affidavit or

verification of his complaint and motion. Because Henderson has not met either requirement, the undersigned recommends his request be denied.

Even had Henderson's request for a temporary restraining order been in proper form, the Court still should deny his request. Henderson has not established the four prerequisites that the Fifth Circuit require. Importantly, he has not shown a substantial likelihood that he will prevail on the merits of his case. For this independent reason, Judge O'Connor should deny his request for injunctive relief.

**B.       Plaintiff Henderson's Motion for Preliminary Injunction Should be Denied.**

With respect to Henderson's Motion for Preliminary Injunction, the undersigned must first consider whether this Court may exercise subject-matter jurisdiction to grant the requested relief in accordance with the Anti-Injunction Act and the *Rooker-Feldman* doctrine. *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (courts must consider *sua sponte* whether jurisdiction is proper even in the absence of an objection). "The Anti-Injunction Act generally prohibits federal courts from interfering with proceedings in state court." *Vines v. Univ. of Louisiana at Monroe*, 398 F.3d 700, 704 (5th Cir. 2005) (citing 28 U.S.C. § 2283). A court may not grant injunctive relief that would enjoin a party "from enforcing a valid extant judgment of a Texas court." *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 416 (5th Cir. 2013). In a similar vein, "the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments" without express congressional authorization. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (internal quotation marks and citation omitted); *see D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The doctrine applies only in "cases brought by state court-losers complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This includes cases in which "the plaintiff's federal claims are so inextricably intertwined with a state judgment that the federal court is in essence being called upon to review the state court decision." *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390-91 (5th Cir. 2012) (quotation marks and citation omitted). Both the Anti-Injunction Act and the *Rooker-Feldman* doctrine bar Henderson's requested injunctive relief.

Under Texas law, a forcible detainer action permits a court to determine which party has the immediate right to possession of a property. *E.g.*, *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198 (Tex. App.—Dallas 2011, pet. dism'd). Where, as here, the requested injunctive relief would restrain a party from executing a writ of possession lawfully obtained by a Texas court, a federal district court lacks jurisdiction to grant such relief. *Knoles*, 513 F. App'x at 416; *Brinson v. Universal Am. Mortg. Co.*, No. CIV.A. G-13-463, 2014 WL 722398, at *3 (S.D. Tex. Feb. 24, 2014). Henderson's request that this Court prevent Defendants from executing its writ of possession seeks "injunctive relief that would restore the possession he lost in the earlier litigation." *Knoles*, 513 F. App'x at 416. A final judgment of possession was rendered in Defendant's favor. Thus, Henderson's request for an injunction to prevent Defendants from any eviction or forcible detainer" seeks relief that falls outside of this Court's jurisdiction under the Anti-Injunction Act and the *Rooker-Feldman* doctrine. *Alexander v. Carrington Mortg. Servs., LLC*, No. 4:15-CV-332-Y, 2015 WL 12533062, at *1 (N.D. Tex. June 29, 2015); *Grace v. Everhome Mortg. Co.*, No. 3:13-CV-4563-B, 2014 WL 12531164, at *1 (N.D. Tex. May 28, 2014); *Ave. v. HSBC Bank USA, Nat'l Ass'n*, No. 3:13-CV-1868-B, 2013 WL 12126286, at *1 (N.D. Tex. May 31, 2013). Therefore, the undersigned recommends that Henderson's Motion for Preliminary Injunction be denied.

**IV.     CONCLUSION**

For the foregoing reasons, the undersigned RECOMMENDS that Judge O'Connor DENY

Plaintiff Henderson's Motion for Temporary Restraining Order/Injunction. ECF No. 5.

A copy of this findings, conclusions, and recommendation shall be served on all parties in

the manner provided by law. Any party who objects to any part of this findings, conclusions, and

recommendation must file specific written objections within 14 days after being served with a

copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state

the basis for the objection, and specify the place in the magistrate judge's findings, conclusions,

and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on February 17, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

5