IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ERIK HENDERSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 4:23-cv-0084-O-BP |
| § | |
| LARKIN STREET HOMES, LLC, § | |
| *et al.*, § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Erik Henderson ("Henderson") filed his complaint January 26, 2023. ECF No. 1. On February 23, 2023, the Court notified Henderson of his responsibility to serve Defendants Larkin Street Homes, LLC, Richard Alexander Barclay, and Hoover Slovacek, with a summons and copy of the Complaint within ninety days after the filing or risk dismissal of his case under Federal Rule of Civil Procedure 4(m). ECF No. 8. The record shows that Henderson has never served process on the Defendants named in the Complaint.

On May 1, 2023, the Court entered an order *sua sponte* extending the deadline another thirty days to May 30, 2023. ECF No. 10. Again, the Court warned Henderson that if he did not "serve the defendants with process by the deadline," the undersigned would recommend dismissal of his cause of action against the Defendants. *Id*. To date, Henderson has failed to comply with the deadline for service of process under Federal Rule of Civil Procedure 4(m) and the Court's subsequent order (ECF No. 10).

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof

of service with the court. *Id.* 4(l)(1). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. *Id.* 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017). "A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

Henderson did not serve process on Defendants in a timely fashion under Federal Rule of Civil Procedure 4. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS without prejudice** Henderson's claims under Fed. R. Civ. P. 4(m) for failure to timely serve process on those defendants.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and

legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on June 9, 2023.

                                                              _____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE